UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JUSTIN WALKER, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs*. | ) | 1: 10-cv-1368-JMS-TAB |
| | ) | |
| BANKLIBERTY, | ) | |
|     *Defendant*. | ) | |
| | ) | |

## ORDER

Plaintiff Justin Walker, an Indiana resident, brought this consumer protection claim against Defendant BankLiberty ("the Bank") in the Southern District of Indiana. Mr. Walker alleges that his bank account was accessed fraudulently from California while he was out of the country, and when he reported fraudulent activity to the Bank's Missouri office, the bank failed to either investigate or explain its findings as required by law. Presently before the Court is the Bank's Motion to Dismiss and, Alternatively, Motion to Transfer for Improper Venue. [Dkt. 17.]

## I.

### BACKGROUND

Mr. Walker is an Indiana citizen who maintained a checking account with the Bank from June 2007 to July 29, 2010. [Dkt. 13 at 1.] The Bank is a Missouri Corporation with no offices or employees in Indiana. [*Id*.]

In June 2009, Mr. Walker was deployed to Afghanistan. [*Id*.] In Mr. Walker's absence, the Bank sent his statements to Mr. Walker's power of attorney, his mother, who lived—and continues to live—in Clinton County, Indiana. [*Id*.] The Electronic Fund Transfer Act required

the Bank to provide Mr. Walker with periodic statements documenting his electronic fund transfers. [Dkt. 26 at 2.] *See also* 15 U.S.C. § 1693d(c).

Upon Mr. Walker's return to the United States in June 2010, he went directly to his station in Virginia. [*Id.* at 3.] There, Mr. Walker learned from his mother that his checking account had been accessed without his authorization 115 times from ATMs in Los Angeles, California between May and June 2010. [*Id.* at 2.] Mr. Walker filed a police report by telephone with the Los Angeles Police Department.

When Mr. Walker reported this alleged activity to the Bank in June 2010, the Bank representative told him to come to the Bank, located in Missouri, to sign a dispute form. [*Id.*; dkt. 17 at 2.] Ultimately, however, it agreed to send the requisite paperwork to his Indiana address. Mr. Walker completed these claim forms from an unspecified location and returned them to the Bank. [Dkt. 13 at 2.]

In July 2010, the Bank responded to Mr. Walker's report with a letter denying his allegations of unauthorized withdrawals. [*Id.* at 3.] The letter did not contain notice that Mr. Walker had the "right to request reproductions with the explanations of findings," as is required under the Electronic Fund Transfer Act, 15 U.S.C. § 1963f. [*Id.* at 4.] According to Mr. Walker, the Bank did not investigate the case. [*Id.* at 4.]

In August, Mr. Walker requested an explanation for the Bank's failure to provide notice, reproductions of all matters relied upon in the July findings, and a list of all steps relied on by the Bank in making its determination. [*Id.* at 5.] The Bank did not respond. [*Id.*]

Mr. Walker filed a complaint in the Southern District of Indiana alleging that the Bank failed to investigate his claim, failed to timely provide him with its determination and explanation of findings, and failed to provide him with notice of his rights as to documentation support-

ing the investigation, all in violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1963f. [Dkt. 20 at 7-8.]

## II.

### DISCUSSION

The Bank argues that Mr. Walker's complaint should be dismissed for lack of personal jurisdiction or, alternatively, transferred to the Western District of Missouri for improper venue. [Dkt. 17.] As a practical matter, the Court will address the issue of transfer first as it is decisive in this case. In considering the motion to transfer, the Court assumes, without deciding, that it has personal jurisdiction over both parties. *See Trading Technologies Intern, Inc. v. VGC Partners, Inc.,* 2010 WL 3272842.

Pursuant to 28 U.S.C. § 1391(b):

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the actions situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Here, the parties agree that venue is improper under 28 U.S.C. § 1391(b)(1) or § 1391(b)(3). [Dkt. 20 at 6.] The only dispute, then, is about the applicability of § 1391(b)(2).

Mr. Walker contends that a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Indiana. [Dkt. 26 at 3.] His argument hinges on what he considers to be critical events. First, the Bank sent regular statements to Indiana—these statements were required by the EFTA and put him on notice of the unauthorized transfers. [*Id.* at 7.] Second, the letter denying his claim, failing to notify him of his rights, and lacking an explanation of the Bank's findings, was sent to Indiana. [*Id.* at 7.] The "substance of the mailing itself that formed the basis of this suit," Mr. Walker argues.

Mr. Walker's analysis of the events giving rise to this litigation, however, overlooks several crucial steps in the causal chain. In fact, the events at issue are the Bank's determination of whether to investigate Mr. Walker's claim, the Bank's document preparation, and the Bank's employees' conduct more generally, all of which gave rise to this litigation, and all of which took place within the Missouri offices. [Dkt. 21 at 4.] The receipt of the letters and statements is simply the last link in the causal chain; it pales in comparison to the vast majority of material events, which occurred in Missouri.

The Court therefore finds that the letters Mr. Walker received do not constitute a substantial part of the events or omissions giving rise to this litigation. *See* 28 U.S.C. § 1391(b)(2). As such, venue is not proper in the Southern District of Indiana.

Given that venue is improper here, the Court may either dismiss the case outright or, if it is in the interests of justice, may transfer the case to any district where it could have been brought. 28 U.S.C. § 1406(a); *see also Firth v. Home Design Products*, 2009 WL 3111791 (N.D.Ind.). Although "the district court has broad discretion to grant or deny a motion to transfer the case," *Cote v. Wadell*, 796 F.2d 981, 985 (7th Cir.1986), the interests of justice may require transfer rather than dismissal if the plaintiff mistakenly filed a non-frivolous suit in the wrong district and is likely to re-file upon dismissal. *MicroMetl Corp. v. TranzAct Technologies, Inc.* 2008 WL 2356511 (s.D.Ind.). The fact that Mr. Walker and the Bank are already litigating against each other in the Southern District of Indiana "would dictate a finding that justice would be best served by transfer, not dismissal." *Heckler & Koch, Inc. v. Tippman Sport, LLC*, 2009 WL 4907016, (S.D.Ind.). The Court therefore finds that transfer is appropriate under § 1406(a).

## III.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Bank's Motion to Dismiss and, Alternatively, Motion to Transfer for Improper Venue, insofar as it pertains to transfer. [Dkt. 17.] The Clerk is directed, pursuant to 28 U.S.C. § 1406(a), to transfer this case to the Western District of Missouri. To the extent that the motion sought a dismissal for lack of personal jurisdiction, that portion is **DENIED AS MOOT**.

02/11/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Robert L. Bauman
GAMBS MUCKER & BAUMAN
10 N. 4th St.
P.O. Box 1608
Lafayette, IN 47902

Karoline E. Jackson
BARNES & THORNBURG LLP
kjackson@btlaw.com

Matthew R. Laydon
GAMBS MUCKER & BAUMAN
MattL@gmbslaw.com